JS 44 (Rev. 06/17) BMS    CIVIL COVER SHEET    18-cv-1395

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
CLARION COLE

**DEFENDANTS**
EGS FINANCIAL CARE, INC.    18    1395

(b) County of Residence of First Listed Plaintiff   HINDS
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Octavio Gomez, 201 N Franklin Street, Tampa, Florida, 33602
Telephone: (813) 223-5505

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question *(U.S. Government Not a Party)*
☐ 2 U.S. Government Defendant
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 USC 227, 15 U.S.C 1692(d)
Brief description of cause:
TCPA, FDCPA

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

APR - 3 2018

DATE 04/03/2018
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ____   AMOUNT ____   APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____



UNITED STATES DISTRICT COURT **18  1395**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __525 Sharon Hills Dr, Jackson, MS 39212__

Address of Defendant: __c/o 2595 Interstate Drive, Suite 103, Harrisburg, PA 19044__

Place of Accident, Incident or Transaction: __Hinds, Mississippi__
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes☐  No☒

Does this case involve multidistrict litigation possibilities?  Yes☐  No☒

*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
(Please specify) __TCPA, FDCPA__

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*
I,_____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____  _____  _____
Attorney-at-Law  Attorney I.D.#
NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __04/03/2018__  _____  __325066__   APR - 3 2018
Attorney-at-Law  Attorney I.D.#

CIV. 609 (5/2012)

BMS

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| CLARION COLE, | : | CIVIL ACTION |
| v. | : | |
| EGS FINANCIAL CARE, INC., | : | NO. **18  1395** |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (X)

| 04/03/2018 | _[signature]_ | Clarion Cole |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (813) 223- 5505 | (813) 222- 4725 | TGomez@ForThePeople.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

APR - 3 2018

# MORGAN & MORGAN®
## *Attorneys At Law*

SUITE 700
ONE TAMPA CITY CENTER
TAMPA, FL 33602
(813) 223-5505
FAX: (813) 223-5402

March 29, 2018

*8242809*
Eastern District of Pennsylvania
2609 U.S. Courthouse
601 Market Street
Philadelphia,   19106-1797

      RE: Cole, Clarion v EGS Financial Care

Dear Sir or Madam:

Enclosed please find the following:

> Civil Cover Sheet
> Complaint & Exhibit A
> Summons(es)
> CD Containing the Above
> Self-addressed stamped envelope

Please find the above listed documents and issue the Summons. I have included my firm check in the amount of $400.00 which represents your filing fee. Once issued, please return the Summons(es) to my office in the self addressed stamped envelope enclosed.

Thank you in advance for your assistance in this matter. Should you have any questions, please feel free to contact either myself or my paralegal, Jennifer Sherwood.

Sincerely,

Octavio Gomez

OTG/cr

www.forthepeople.com

ATLANTA, GA ◆ BIRMINGHAM, AL ◆ BOWLING GREEN, KY ◆ COLUMBUS, GA ◆ DAYTONA BEACH, FL ◆ DELAND, FL ◆ FT. MYERS, FL ◆ JACKSON, MS ◆ JACKSONVILLE, FL
KISSIMMEE, FL ◆ LAKELAND, FL ◆ LEXINGTON, KY ◆ LOUISVILLE, KY ◆ MELBOURNE, FL ◆ MEMPHIS, TN ◆ MOBILE, AL ◆ NAPLES, FL ◆ NASHVILLE, TN ◆ NEW YORK, NY
ORLANDO, FL ◆ PADUCAH, KY ◆ PENSACOLA, FL ◆ PLANTATION, FL ◆ PRESTONSBURG, KY ◆ ST. AUGUSTINE, FL ◆ ST. PETERSBURG, FL ◆ SARASOTA, FL
SAVANNAH, GA ◆ TALLAHASSEE, FL ◆ TAMPA, FL ◆ TAVARES, FL ◆ WEST PALM BEACH, FL ◆ WINTER HAVEN, FL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

CLARION COLE,

   Plaintiff,

-v-

EGS FINANCIAL CARE, INC,

   Defendant.

_____/

CASE NO.: **18  1395**

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, CLARION COLE, by and through the undersigned counsel, and sues Defendant, EGS FINANCIAL CARE, INC., and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA").

### INTRODUCTION

1. The TCPA was enacted to prevent companies like EGS FINANCIAL CARE, INC. from invading American citizen's privacy and prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct. 740, 745, 181 L.Ed. 2d 881 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone

1

subscribers another option: telling the auto-dialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242. 1256 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal.

## JURISDICTION AND VENUE

5. This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of attorney fees and costs.

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014)

8. The Defendant is located in Montgomery County, Pennsylvania. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(1), as it is the judicial district in which the Defendant resides.

## FACTUAL ALLEGATIONS

9. Plaintiff is a natural person, and citizen of the State of Mississippi, residing in Hinds County, Mississippi.

10. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692(a)(3).

11. Plaintiff is an "alleged debtor."

12. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

13. Defendant, EGS FINANCIAL CARE, INC., is a corporation which was formed in Pennsylvania with its principal place of business located at Horsham Corporate Center, 400 Horsham Boulevard, Suite 130, Horsham, Pennsylvania 19044 and which conducts business in the State of Pennsylvania through its registered agent, Corporation Service Company located at 2595 Interstate Drive, Suite 103, Harrisburg, Pennsylvania 17110.

14. EGS FINANCIAL CARE, INC. called Plaintiff on Plaintiff's cellular telephone approximately one-hundred (100) times in an attempt to collect a debt.

15. EGS FINANCIAL CARE, INC. attempted to collect an alleged debt from the Plaintiff by this campaign of telephone calls.

16. EGS FINANCIAL CARE, INC. intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

17. Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter

"auto-dialer calls"). Plaintiff will testify that she knew it was an auto-dialer because of the vast number of calls she received and because she heard a pause when she answered her phone before a voice came on the line and/or she received prerecorded messages before a voice came on the line from EGS FINANCIAL CARE, INC..

18.  Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (769) \*\*\*-8800, and was the called party and recipient of Defendant's calls.

19.  EGS FINANCIAL CARE, INC. placed an exorbitant number of automated calls to Plaintiff's cellular telephone (769) \*\*\*-8800 in an attempt to collect on a credit card debt.

20.  Upon receipt of the calls from Defendant, Plaintiff's caller ID identified the calls were being initiated from, but not limited to, the following telephone numbers: (903) 209-2635, (903) 209-2637, (430) 775-1070, (430) 775-1072, (430) 775-1073, (623) 404-6948, (480) 935-6828, (215) 440-6677, (304) 820-0735, (412) 694-1902, (334) 310-6203, (334) 310-6205, and (430) 775-1074.

21.  On several occasions over the last four (4) years, Plaintiff instructed EGS FINANCIAL CARE, INC.'s agents to stop calling her cellular telephone.

22.  In or about December 2017, and on many other occasions Plaintiff answered a call to her aforementioned cellular telephone number. Plaintiff was connected to an agent/representative of Defendant and informed the agent/representative to please stop calling her cellular telephone and that this was harassment.

23.  In or about February 2018, and on many other occasions Plaintiff answered a call to her aforementioned cellular telephone number. Plaintiff was connected to an agent/representative of Defendant and informed the agent/representative to please stop calling her.

24. Due to the tremendous volume of calls Plaintiff received over a lengthy period of time; she was not able to properly catalogue each and every call. However, attached hereto as **Exhibit A** is a small sampling of some of the automated calls Plaintiff received to her cellular telephone from Defendant.

25. EGS FINANCIAL CARE, INC. has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as it did to the Plaintiff's cellular telephone in this case.

26. EGS FINANCIAL CARE, INC. has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as it did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or EGS FINANCIAL CARE, INC., to remove the number.

27. EGS FINANCIAL CARE, INC.'s corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to EGS FINANCIAL CARE, INC. they wish for the calls to stop.

28. EGS FINANCIAL CARE, INC. has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

29. EGS FINANCIAL CARE, INC. has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call despite being requested to stop.

30. EGS FINANCIAL CARE, INC. has had numerous complaints from consumers against them across the country asking to not be called, however the Defendant continues to call the consumers.

31. EGS FINANCIAL CARE, INC.'s corporate policy provided no means for the Plaintiff to have her number removed from the call list.

32. EGS FINANCIAL CARE, INC. has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not wish to be called.

33. None of EGS FINANCIAL CARE, INC.'s telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

34. EGS FINANCIAL CARE, INC. willfully and knowingly violated the TCPA with respect to the Plaintiff.

35. From each and every call placed without express consent by EGS FINANCIAL CARE, INC. to Plaintiff's cellular telephone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon her right of seclusion.

36. From each and every call without express consent placed by EGS FINANCIAL CARE, INC. to Plaintiff's cellular telephone, Plaintiff suffered the injury of the occupation of her cellular telephone line and cellular telephone by unwelcome calls, making the telephone unavailable for legitimate callers or outgoing calls while the telephone was ringing from EGS FINANCIAL CARE, INC.'s call.

37. From each and every call placed without express consent by EGS FINANCIAL CARE, INC. to Plaintiff's cellular telephone, Plaintiff suffered the injury of unnecessary expenditure of her time. For calls she answered, the time she spent on the call was unnecessary as she had repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the telephone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular telephone, which are designed to inform the user of important missed communications.

38. Each and every call placed without express consent by EGS FINANCIAL CARE, INC. to Plaintiff's cellular telephone was an injury in the form of a nuisance and annoyance to Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the telephone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular telephone, which are designed to inform the user of important missed communications.

39. Each and every call placed without express consent by EGS FINANCIAL CARE, INC. to Plaintiff's cellular telephone resulted in the injury of unnecessary expenditure of Plaintiff's cellular telephone's battery power.

40. Each and every call placed without express consent by EGS FINANCIAL CARE, INC. to Plaintiff's cellular telephone where a voice message was left which occupied space in Plaintiff's telephone or network.

41. Each and every call placed without express consent by EGS FINANCIAL CARE, INC. to Plaintiff's cellular telephone resulted in the injury of a trespass to Plaintiff's chattel, namely her cellular telephone and her cellular telephone services.

42. As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affect in a personal and individualized way by raising her blood pressure, embarrassment, and anxiety.

## COUNT I
**(Violation of the TCPA)**

43. Plaintiff fully incorporates and re-alleges paragraphs one (1) through forty-two (42) as if fully set forth herein.

44. EGS FINANCIAL CARE, INC. willfully violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified EGS FINANCIAL CARE, INC. that she wished for the calls to stop.

45. EGS FINANCIAL CARE, INC. repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against EGS FINANCIAL CARE, INC. for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FDCPA)

46. Plaintiff fully incorporates and re-alleges paragraphs one (1) through forty-two (42) as if fully set forth herein.

47. At all times relevant to this action EGS FINANCIAL CARE, INC. is subject to and must abide by 15 U.S.C. § 1692 *et seq*.

48. EGS FINANCIAL CARE, INC. has violated 15 U.S.C. § 1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

49. EGS FINANCIAL CARE, INC. has violated 15 U.S.C. § 1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

50. EGS FINANCIAL CARE, INC. has violated 15 U.S.C. § 1692(f) by using unfair and unconscionable means to collect or attempt to collect any debt.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against EGS FINANCIAL CARE, INC. for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

_____
Octavio Gomez, Esquire
Pennsylvania Bar No.:
325066
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 North Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 223-5505
Facsimile: (813) 223-5402
Primary Email: TGomez@ForThePeople.com
Secondary Email: JSherwood@ForThePeople.com
*Attorney for Plaintiff*

*Octavio Gomez*

## Call Log for (769) ***- 8800

| Date of Call: | Time of Call: | Phone Number: |
|---|---|---|
| 02/02/2018 | 9:22AM | (903) 209- 2637 |
| 02/02/2018 | 10:03AM | (903) 209- 2637 |
| 02/02/2018 | 1:23PM | (903) 209- 2637 |
| 02/02/2018 | 4:28PM | (903) 209- 2637 |
| 02/03/2018 | 9:00AM | (430) 775- 1070 |
| 02/03/2018 | 11:36AM | (430) 775- 1070 |
| 02/03/2018 | 2:55PM | (430) 775- 1070 |
| 02/03/2018 | 6:02PM | (430) 775- 1070 |
| 02/05/2018 | 9:08AM | (430) 775- 1072 |
| 02/05/2018 | 9:59AM | (430) 775- 1072 |
| 02/05/2018 | 1:13PM | (430) 775- 1072 |
| 02/05/2018 | 2:35PM | (430) 775- 1072 |
| 02/05/2018 | 5:45PM | (430) 775- 1072 |
| 02/06/2018 | 9:01AM | (430) 775- 1073 |
| 02/06/2018 | 10:29AM | (430) 775- 1073 |
| 02/06/2018 | 12:58PM | (430) 775- 1073 |
| 02/06/2018 | 2:29AM | (430) 775- 1073 |
| 02/06/2018 | 6:57PM | (430) 775- 1073 |
| 02/07/2018 | 9:13AM | (430) 775- 1074 |
| 02/07/2018 | 12:59PM | (430) 775- 1074 |
| 02/07/2018 | 3:03PM | (430) 775- 1074 |
| 02/07/2018 | 4:24PM | (430) 775- 1074 |
| 02/08/2018 | 11:24AM | (334) 310- 6205 |
| 02/08/2018 | 1:15PM | (334) 310- 6205 |
| 02/08/2018 | 3:44PM | (334) 310- 6205 |
| 02/08/2018 | 6:07PM | (334) 310- 6205 |
| 02/09/2018 | 9:32AM | (334) 310- 6203 |
| 02/09/2018 | 12:40PM | (412) 694- 1902 |
| 02/09/2018 | 4:19PM | (304) 820- 0735 |
| 02/09/2018 | 5:54PM | (215) 440- 6677 |
| 02/10/2018 | 9:50AM | (480) 935- 6828 |
| 02/10/2018 | 12:47PM | (251) 587-6105 |
| 02/10/2018 | 3:22PM | (623) 404- 6948 |

**Exhibit A**